# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| ERIC CHRISTOPHER BAKKE, | Case No. 19-CV-2501 (JRT/TNL) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| UNITED STATES OF AMERICA, PRESIDENT DONALD J. TRUMP, UNITED STATES MARSHALS SERVICE, JOEL BROTT, BRIAN FRANK, | |
| Respondents. | |

This matter comes before the Court on Petitioner Eric Bakke's Petition under 28 U.S.C. § 2241 for a Writ of Habeas Corpus (ECF No. 1) and the supporting memorandum (ECF No. 2). This matter, which is before the Court pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts,[1] has been referred to the undersigned for a Report and Recommendation to the Honorable John R. Tunheim, Chief District Judge for the United States District Court for the District of Minnesota, pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1.  For the reasons that follow, the Court recommends that the Petition be denied without prejudice.

---

[1] The Rules Governing Section 2254 Cases in the United states District Courts may also be applied to other habeas corpus petitions, including those brought under Section 2241. Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts

1

## I. BACKGROUND

Petitioner Eric Bakke is a defendant in a criminal case pending in this district. *See United States v. Siwek, et al.*, No. 19-cr-188-2 (NEB/KMM). He has been charged with multiple drug-related offenses. *Id*. (ECF No. 29). Petitioner was arraigned on August 19, 2019 and ordered detained the next day. *Id*. (ECF Nos. 56 & 57). Petitioner did not seek reconsideration of his detention order. He also did not file an interlocutory appeal to the Eighth Circuit Court of Appeals.

Approximately one month later, Petitioner filed this Petition for a writ of habeas corpus. He argues the District Court in his criminal case does not have jurisdiction over him because the indictment fails to allege an offense "against the laws of the United States." (ECF No. 2, p. 4). He instead contends that his prosecution should be conducted by the State of Minnesota. (*Id*., p. 8). He seeks his immediate release. (ECF No. 1).

A few weeks after filing the Petition, Petitioner informed the Magistrate Judge in his criminal case that he had reached a plea agreement to resolve his criminal charges. *Siwek, et al.*, No. 19-cr-188-2 (NEB/KMM) (ECF No. 104). A change of plea hearing is now set for October 10, 2019.

## II. ANALYSIS

Federal pre-trial detainees can obtain habeas review of pre-trial decisions only if they exhaust all other remedies. *Kisling v. Anderson,* No. 03-cv-2208, 2003 WL 21639148, at *1 (D. Minn. 2003) (citing *Moore v. United States,* 875 F. Supp. 620, 622-23 (D. Neb. 1994)). A federal pre-trial detainee may not seek Section 2241 relief if he or she has not sought direct review of his or her detention, or if the detainee still has the opportunity to

2

raise those issues in the criminal proceedings.  *Id.*; *see also United States v. Pipito*, 861 F.2d 1006, 1009 (7th Cir. 1987) (affirming denial of a Section 2241 petition because petitioner could have sought direct review of his confinement during his trial). The reasons for this are simple: allowing courts to entertain habeas petitions from pre-trial detainees would be both inefficient and raise the risk of "nearly simultaneous and potentially conflicting decisions[.]" *Kisling*, 2003 WL 21639148, at *1-*2.

Bakke is currently a federal pretrial detainee. He has not asked for reconsideration of his current detention order. Nor has he sought interlocutory appeal from the Eighth Circuit.  Because his criminal case is still on-going, it might be possible for him to raise the issues he identifies in his Petition in the criminal matter, where he has the benefit of counsel. To review Bakke's habeas claims at this time would frustrate judicial efficiency and risk the possibility of conflicting decisions.

Therefore, based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that the Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241, (ECF No. 1), be **DISMISSED WITHOUT PREJUDICE.**


Date: October 3, 2019                              *s/ Tony N. Leung*
                                                   Tony N. Leung
                                                   United States Magistrate Judge
                                                   District of Minnesota

                                                   *Bakke v. United States of America, et al.*
                                                   Case No. 19-cv-2501 (JRT/TNL)

## **NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).